UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK JOSEPH HUXLEY, JR.,

    Plaintiff,

v.                                        CASE NO. 8:25-cv-624-SDM-SPF

OFFICER MATTHEY VERYCKEN, *et al.*,

    Defendants.
_____/

**ORDER**

    Huxley's complaint alleges that the four named defendants violated his civil rights based on three distinctly different events, only one of which states a valid claim. An earlier order (Doc. 6) grants Huxley leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on some of the defendants is not warranted and Huxley must file an amended complaint.

**Officer Verycken and Sheriff Wells**

    Huxley alleges that Officer Verycken used excessive force by unnecessarily shooting him with a taser. Depending upon the circumstances, shooting an arrestee

with a taser might be use of excessive force.  Huxley may proceed with his claim against Officer Verycken.  However, Huxley fails to state a claim against Sheriff Wells.  Huxley cannot pursue a Section 1983 action based only on the defendant's position as the employer of someone who allegedly wronged Huxley.  A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*.  Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action.  *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*).  The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Huxley's civil rights.  *Monell*, 436 U.S. at 694; *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").  Consequently, the complaint is insufficient to state a claim against Sheriff Wells.

**Swanson Services Corporation**

Huxley alleges that the prices charged for commissary items in the Manatee County jail amount to "price gouging."  Consequently, Huxley's claim is properly construed as a Fourteenth Amendment claim challenging the conditions of his confinement as a pretrial detainee.  District courts throughout the Eleventh Circuit hold that allegedly high prices charged by a jail's canteen present no constitutional violation.  *See, e.g., Ray v. Florida*, No. 2:23-cv-770-JES-NPM, 2024 WL 22066 at *4 (M.D. Fla. Jan. 2, 2024) ("[C]laims regarding prison or jail canteen prices do not rise to the level of a constitutional violation.") (unpublished); *Ferguson v. Thomas*, No. 5:14-cv-02396-

RDP-JHE, 2016 WL 3774126, at *11 (N.D. Ala. Jun. 20, 2016) ("Claims concerning canteen prices do not [state a § 1983 claim] because prisoners have no right to use of a prison commissary.") (unpublished); *Munson v. Wilcher*, No. 4:19-CV-58, 2019 WL 2339264, at *3 (S.D. Ga. Apr. 18, 2019) (recognizing that the "Constitution does not guarantee fair prices at the commissary") (unpublished); *Black v. Donald*, No. 7:06-CV-75-HL, 2006 WL 3535404, *2 (M.D. Ga. Dec. 7, 2006) ("The United States Constitution does not guarantee fair prices at the commissary.") (unpublished). Consequently, the complaint is insufficient to state a claim against Swanson Services Corporation.

**Twelfth Judicial District Public Defenders**

Huxley alleges that that his assigned public defenders have failed to "provide me with fair representation and denied me due process." (Doc. 1 at 4) Huxley's complaint fails to state a claim against his defense attorneys because the complaint must allege facts showing that counsel acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). The complaint fails to state a claim against the defense attorneys because no defense counsel — whether publicly provided or privately retained — acts under color of law. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dobson*, 454 U.S. 312, 325 (1981). Huxley's allegations are based on his counsels' actions while "performing a lawyer's traditional functions" as described in *Dobson*. Therefore, Huxley's defense attorneys are not acting under color of state law and are not liable under Section 1983. *See also Barr v. Gee*, 437 F. App'x

865, 875 (11th Cir. 2011) ("State public defenders do not act under color of state law, even when appointed by officers of the courts.") (citing *Wahl v. McIver*, 773 F .2d 1169, 1173 (11th Cir. 1985)).  Consequently, the complaint is insufficient to state a claim against the public defenders for the Twelfth Judicial District.

\* \* \* \*

Huxley may file an amended complaint to correct these deficiencies, which pleading must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint).  In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Huxley is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or]

seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

Defendants Sheriff Wells, Swanson Services Corporation, and the public defenders for the Twelfth Judicial District are **DISMISSED** from this action. Huxley may re-state his claim against Officer Verycken in an amended complaint, which he must file within **THIRTY (30) DAYS**. The clerk must send to Huxley the required civil rights complaint form. The failure to timely file an amended complaint will result in the dismissal of this action without further notice.

## A CAUTION TO MR. HUXLEY

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Huxley is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on June 27, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE